IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RIGOBERTO Z. CAMPOS,

          Plaintiff,

v.

ANTONIETA ROJAS, et al.,

          Defendants.

No. C 04-2353 SBA (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING REMAINING CLAIMS AND ADDRESSING PENDING MOTIONS**

(Docket nos. 10, 11, 20, 21, 30)

Plaintiff, a state prisoner, has filed a pro se civil rights complaint seeking injunctive and monetary relief.  Plaintiff paid the requisite filing fee and served the named Defendants.  Defendants Antonieta Rojas, Francisco Rojas, Francisco Rojas, Jr. and Karim Shahbi[1] have moved to dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on the ground that Plaintiff fails to state a claim upon which relief may be granted.[2]  Plaintiff has filed an opposition, and Defendants have filed a reply.

**BACKGROUND**

Plaintiff filed his complaint on June 15, 2004.  He alleges four basic causes of action: (1) "unlawful conversion;" (2) "removal and taking;" (3) "collection of accounts payable;" and (4) "fraud and theft."  Plaintiff asserts that this Court has jurisdiction in this case based on a federal question or a violation of a federal right under 28 U.S.C. § 1331 and § 1343(a)(3).  (Compl. at 4.)

---

[1] Plaintiff originally listed Defendant Shahbi's name as "Shahabi Nooruddin Karim," however, the Court has determined that this defendant's correct name is "Karim Shahbi."  See Defendant Shahbi's Answer and Motion to Dismiss (docket nos. 9, 10).

[2] Defendants Antonieta Rojas, Francisco Rojas and Francisco Rojas, Jr. are represented by an attorney who has filed a motion to dismiss on their behalf.  Defendant Karim Shahbi is proceeding pro se in this action, and he has filed an answer and a motion to dismiss.  While Defendant Shahbi's motion to dismiss does not clearly state the appropriate statute, the Court will construe his motion to dismiss as one brought pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Defendant Cristina Campos has not filed a motion to dismiss in this action, therefore, the Court will screen the claims in the complaint against Defendant Campos pursuant to 28 U.S.C. § 1915A.  Section 1915A requires a federal court to engage in a preliminary screening of cases in which prisoners seek redress.  See 28 U.S.C. § 1915A(a). The section applies even if the prisoner is not proceeding in forma pauperis.  See Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999) (joining Second, Fifth, Sixth and Tenth Circuits in holding that § 1915A applies even when prisoner pays full fee at outset).  In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff alleges that his claims stem from when he allowed Defendant Antonieta Rojas to stay with him on a temporary basis.  He claims that Defendants took advantage of him once he was taken into custody by gaining control over his property, taking over his bank accounts, collecting accounts due from his landscaping customers, and taking forged documents to gain title to his vehicle.  Plaintiff seeks compensatory and punitive damages and certain forms of injunctive relief.

## DISCUSSION

A.    Defendants' Motion to Dismiss

Defendants move to dismiss the entire complaint for failure to state a claim upon which relief may be granted.  Defendants Antonieta Rojas, Francisco Rojas, and Francisco Rojas, Jr. also argue that they were served with unsigned and unsealed state court summons that were served more than 120 days of being issued leading to insufficiency of process under Federal Rules of Civil Procedure Rule 12(b)(4).[3]  See Motion to Dismiss (docket no. 11) at 5.  Finally, these same Defendants argue that Plaintiff's claims are barred because they were all included in his complaint in a state court action that Plaintiff filed on May 7, 2002, which was dismissed by Alameda County Superior Court on May 9, 2003.  See id. at 8.

1.    Legal Standard

The Court must liberally construe pleadings filed by pro se plaintiffs.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Plaintiff alleges grounds for the Court's alleged jurisdiction over his action, but does not state what cause of action he is pursuing.  Based on Plaintiff's assertions, the Court will construe Plaintiff's claims as being brought under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged

---

[3]  Defendant Francisco Rojas, Jr. claims that he was not served at his normal place of abode, therefore, the service of process on his was insufficient under Federal Rules of Civil Procedure Rule 12(b)(5).  See Motion to Dismiss (docket no. 11) at 7.

United States District Court

For the Northern District of California

violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

A private citizen does not act under color of state law, an essential element of a § 1983 action. Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975).

2.    Legal Claims

In December 1997, Plaintiff met Defendant Antonieta Rojas ("Antonieta") while they were co-workers at Home Base, a store in Oakland, California.  After Antonieta had a "falling out" with her family members, Plaintiff allowed her to live with him temporarily in May 1998.  During their stay together, Plaintiff allowed Antonieta to help him with his landscaping business.  Plaintiff claims that he never established a partnership in his landscaping business with Antonieta.  On February 27, 1999, Plaintiff bought a 1995 Jeep Cherokee from Defendant Shahbi with the assistance of Antonieta, who served as the interpreter for the transaction.  Also in February 1999, Plaintiff gave Antonieta a $3,000 loan to pay off a credit card debt for a computer she purchased.  Plaintiff claims that Antonieta gave the computer to her friend, Defendant Cristina Campos ("Cristina"), who was to pay Plaintiff $3,000 by the end of March 1999.  On March 24, 1999, Plaintiff was arrested.  He was later convicted and sentenced to twenty-five years to life in prison.

Plaintiff claims that Antonieta deprived him of financial gain from his landscaping business by fraudulently collecting accounts due from his customers without making the money available to him while he was incarcerated.  Plaintiff also claims that she took control and possession over his bank accounts, apartment furniture, vehicle, and other valuables without his consent.  Plaintiff alleges that Antonieta's father, Defendant Francisco Rojas, and her brother, Defendant Francisco Rojas, Jr., aided her in depriving Plaintiff of his property while he was in jail.  Plaintiff claims that after he was arrested, Defendant Shahbi and Antonieta falsified sales receipts and forged his signature to reflect that Antonieta jointly owned the 1995 Jeep Cherokee originally sold to Plaintiff in February 1999. Finally, Plaintiff alleges that Antonieta and Cristina defrauded him of $3,000, which Cristina has refused to pay him back since he has been incarcerated.

Plaintiff's allegations against all the aforementioned Defendants involve purely private conduct by private citizens and therefore fail to state a cognizable claim under § 1983.  See Gomez, 446 U.S. at 640; Ouzts, 505 F.2d at 559.  Therefore, the Court GRANTS Defendants' motion to dismiss, and Plaintiff's allegations against Defendants Antonieta Rojas, Francisco Rojas, Francisco Rojas, Jr. and Karim Shahbi are accordingly DISMISSED with prejudice.[4]  For the same reasons, the Court will sua sponte DISMISS with prejudice Plaintiff's claims against Defendant Cristina Campos.

B.    Other Pending Motions

1.    Motions to Compel

Pending before the Court are Plaintiff's motions to compel Defendants to answer interrogatories and motion to compel Defendant Antonieta Rojas to Produce Documents.  Because the Court has dismissed the claims against Defendants, Plaintiff's motions to compel are DENIED as moot (docket nos. 20, 21).  Accordingly, the Clerk of the Court shall terminate these motions on the Court's docket.

2.    Motion for Leave to File Excess Pages to Petition for Writ of Habeas Corpus

On February 9, 2005, the Clerk of the Court received a document entitled "Motion to Extend Length of Petition, and Declaration of Rigoberto Z. Campos in Support Thereof" with an attached 193-page document entitled "Petition of Writ Habeas Corpus" from Plaintiff.  The caption stated these documents were for the matter of Rigoberto Z. Campos v. Mike Yarborough, with a blank case number.  The blank case number was filled-in by the Clerk of the Court with the hand-written case number in the above-referenced action.  Both documents were then consolidated as one document entitled "Motion for Leave to File Excess Pages to Petition for Writ of Habeas Corpus" (docket no. 30) in the instant action.  On February 18, 2005, Plaintiff submitted a $5.00 filing fee, and the Clerk of the Court received the fee under receipt number 3369466 in the instant case.

On June 15, 2005, Plaintiff wrote the Court to inquire about the status of the habeas corpus petition he mailed on January 25, 2005.  Upon reviewing the case file, the Court has determined that it appears that it was Plaintiff's intent to file a new action.  Accordingly, the Clerk of the Court is directed to STRIKE the "Motion for Leave to File Excess Pages to Petition for Writ of Habeas

---

[4]   The Court does not have reach the issues of res judicata or insufficiency of service because it has found that there is no claim upon which relief can be granted in this action.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Corpus" (docket no. 30) from this action, and shall OPEN a new action by filing the attached 193-page Petition for Writ of Habeas Corpus and the "Motion to Extend Length of Petition, and Declaration of Rigoberto Z. Campos in Support Thereof," nunc pro tunc to the date they were originally stamped "FILED" by the Clerk.  The Clerk of the Court shall apply the filing fee of $5.00 entered in the instant case on February 18, 2005 to Plaintiff's new habeas corpus action.

The Clerk of the Court shall close the file in the instant action pursuant to this Order of Dismissal.  The only action Plaintiff will have pending before this Court is his petition for a writ of habeas corpus.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Defendants Antonieta Rojas, Francisco Rojas, Francisco Rojas, Jr. and Karim Shahbi's motions to dismiss for failure to state a claim are GRANTED (docket nos. 10, 11).  Plaintiff's allegations against these defendants are hereby DISMISSED with prejudice.

2.      All claims against Defendant Campos are DISMISSED with prejudice by the Court for failure to state a claim upon which relief may be granted.

3.      Plaintiff's pending motions to compel are DENIED as moot (docket nos. 20, 21).

4.      The Clerk of the Court is directed to STRIKE the "Motion for Leave to File Excess Pages to Petition for Writ of Habeas Corpus" (docket no. 30) from this action, and the Clerk of the Court shall OPEN a new action by filing the attached 193-page Petition for Writ of Habeas Corpus and the "Motion to Extend Length of Petition, and Declaration of Rigoberto Z. Campos in Support Thereof," nunc pro tunc to the date they were originally stamped "FILED" by the Clerk.  The filing fee of $5.00 entered on February 18, 2005 in the instant case shall be applied to Plaintiff's new habeas corpus action.

5.      The Clerk of the Court shall terminate all other pending motions as moot, enter judgment in accordance with this Order, and close the file in the instant action.

IT IS SO ORDERED.

DATED:7/25/05

SAUNDRA BROWN ARMSTRONG
United States District Judge

5